IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE MILLS,           :

   Plaintiff,             :

v.                        :
                                     Civil Action No. GLR-18-562
ANTHONY HASSAN, et al.,   :

   Defendants.            :

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Lawrence Mills' Rule 60(b)(6) Motion (ECF No. 30) and Rule 59(e)(3) Motion (ECF No. 31). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will deny both Motions.

### I. BACKGROUND[1]

On March 13, 2015, Defendant Senior Trooper Anthony Hassan ("Hassan") arrested Mills for Driving Under the Influence of Alcohol ("DUI"), (Compl. ¶ 26, ECF No. 1), as well as negligent driving, reckless driving, failure to obey a properly placed traffic control device, driving or attempting to drive while impaired by alcohol ("DWI"), driving or attempting to drive a vehicle not equipped with an ignition interlock, and failure to obey designated lane directions, (Defs.' Mot. Dismiss Compl. Altern. Summ. J. ["Defs.' Mot."] Ex. 6 ["Court Records for Mar. 13, 2015 Stop"] at 2–4, ECF No. 11-8). On June 30, 2015,

---

[1] The Court sets forth the complete facts of this case in its September 30, 2019 Memorandum Opinion. (ECF No. 28). Here, the Court repeats only those facts necessary to resolve the pending Motions.

Mills was convicted of DUI in the District Court for Howard County, Maryland.[2] (Compl. ¶ 35). Mills was sentenced to two years and sixty days in prison with all but sixty days suspended. (Id.). Later that day, Mills posted bond and immediately appealed his conviction. (Id. ¶ 36). On February 19, 2016, a jury in the Circuit Court for Howard County, Maryland found Mills guilty of negligent driving and failure to obey lane directions but not guilty of DUI, DWI, and the other minor traffic offenses. (Court Records for Mar. 13, 2015 Stop at 2–4). He was fined $230.00. (Id. at 3–4). On March 10, 2016, Mills was also convicted of the ignition interlock offense, which had been severed from the other charges in the Circuit Court trial, and he was sentenced to one year in prison with all but seventy-five days suspended. (Id. at 2–4).

On February 23, 2018, Mills sued Hassan, Corporal James Lantz ("Cpl. Lantz"), Trooper Matthew Dull ("Tpr. Dull"),[3] the Maryland State Police ("MSP"), and the State of Maryland, pursuant to 42 U.S.C. § 1983 (2018) for unlawful arrest, search, and seizure in violation of the Fourth and Fourteenth Amendments. (ECF No. 1). Mills also asserted various state law claims, including malicious prosecution. The Complaint generally alleged that there was no probable cause for Mills' arrest, and that Hassan fabricated evidence and committed perjury to secure his conviction.

---

[2] In their Motion to Dismiss, Defendants state that Mills was convicted of all charges in the Howard County District Court. (Defs.' Mot. at 1, 14, 42, ECF No. 11). The Court records indicate that Mills appealed from the Howard County District Court to the Circuit Court for Howard County, (Court Records for Mar. 13, 2015 Stop at 2–4), and Mills does not dispute that he was convicted of all charges.
[3] When Cpl. Lantz and Tpr. Dull arrived at the scene, Hassan had already stopped Mills and was searching his car.

On May 17, 2018, Defendants filed a Motion to Dismiss or, in the Alterative, Motion for Summary Judgment. (ECF No. 11). Defendants argued, among other points, that Mills was improperly challenging his convictions in violation of Heck v. Humphry[4] and that his conviction in Circuit Court established probable cause as a matter of law. They further argued that the probable cause finding was not negated by Hassan's alleged falsehoods. On November 7, 2018, Mills filed an Opposition, (ECF No. 24), and a Cross Motion for Partial Summary Judgment, (ECF No. 23). In his Opposition, Mills asserted that Heck did not preclude him from asserting claims under § 1983, because Heck did not require favorable termination—i.e., reversal on appeal—of all convictions. He argued that the requirement was satisfied where some of the convictions, here DUI and DWI, were not upheld on appeal. Mills also argued that Hassan falsified his police report and committed perjury at various proceedings,[5] thereby invalidating any subsequent findings that probable cause existed for his arrest. Mills further argued that his § 1983 claims were viable because he was not only deprived of his right to a fair trial but also subject to a loss of liberty as a direct result of Hassan's dishonesty.

---

[4] In Heck, the United States Supreme Court held that a plaintiff seeking damages under § 1983 for an allegedly unconstitutional conviction or imprisonment "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994) (citing 28 U.S.C. § 2254 (2018)). Accordingly, "[a] claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis original).

[5] Hassan also testified at an October 30, 2015 suppression hearing in Howard County Circuit Court and at a February 4, 2016 Motor Vehicle Administration hearing regarding Mills' alleged refusal to submit to a breathalyzer test. (Compl. ¶¶ 38–39).

After the motions were fully briefed,[6] this Court issued a Memorandum Opinion and Order on September 30, 2019, granting the Defendants' Motion to Dismiss and denying Mills' Motion for Partial Summary Judgment as moot. (ECF Nos. 28, 29). The Court concluded that Mills' Fourth Amendment claims for false arrest and unreasonable search and seizure failed because "[u]nder Maryland law, a conviction determines conclusively the existence of probable cause, regardless of whether the judgment is later reversed in a subsequent proceeding," unless the conviction was secured through "fraud, perjury, or other corrupt means." (Sept. 30, 2019 Mem. Op. at 14, ECF No. 28) (internal quotations and citations omitted). The Court found that probable cause had been established because Mills was convicted of three offenses on appeal: negligent driving, failure to obey lane directions, and driving or attempting to drive a vehicle not equipped with an ignition interlock. The jury's decision to acquit Mills of DUI and DWI on appeal was inconsequential, because "Hassan had probable cause to arrest based on Mills' negligent driving, failure to obey lane directions, and driving without an interlock device," thereby justifying Mills' arrest "even if convictions stemming from the same arrest were later overturned." (Id. at 15–16). Accordingly, Mills' § 1983 claim was barred by Heck because, in challenging whether Hassan had probable cause for his arrest, Mills was collaterally attacking the conviction resulting from that arrest.

---

[6] On November 21, 2018, Defendants filed an omnibus brief, replying to Mills' Opposition to their Motion to Dismiss and opposing his Cross Motion for Partial Summary Judgment. (ECF No. 26). On November 30, 2019, Mills filed a Reply to Defendants' Opposition to his Cross Motion for Partial Summary Judgment. (ECF No. 27).

As to Mills' Fourteenth Amendment claims, the Court concluded that Mills had failed to adequately plead facts establishing a loss of liberty—i.e., conviction and incarceration—resulting from fabricated evidence. Mills was convicted of the ignition interlock offense in Howard County District Court, sentenced to jail, and then released on bond pending his appeal. However, the Court noted that Mills did not allege that "Hassan fabricated this charge or that his Ignition Interlock System was in place as required" and commented that "Mills does not even mention the Ignition Interlock charge in the Complaint." (Id. at 18). Having concluded that Mills failed to state a claim upon which relief could be granted, the Court did not reach Defendants' alternative arguments for dismissal and declined to exercise supplemental jurisdiction over Mills' state law claims.

On October 9, 2019, Mills filed timely Rule 60(b)(6) and Rule 59(e)(3) Motions, seeking reconsideration of the Court's September 30, 2019 Order dismissing his Complaint. (ECF Nos. 30, 31). Defendants filed an Opposition on October 22, 2019. (ECF No. 32). Mills filed a Reply on October 29, 2019. (ECF No. 33). Before this Court could rule on the merits of the pending motions, Mills filed a Notice of Appeal on October 30, 2019. (ECF No. 34). The Court addresses both Motions in turn.

## II. DISCUSSION

### A. Rule 59(e)(3) Motion

#### 1. Standard of Review

Although the Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration," Rule 59(e) authorizes a district court to alter or amend a prior final judgment in three circumstances: "(1) to accommodate an intervening change in controlling

5

law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." United States ex rel. Carter v. Halliburton Co., 866 F.3d 199, 210 (4th Cir. 2017) (citing Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)); see also Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 470 n.4 (4th Cir. 2011). The United States Court of Appeals for the Fourth Circuit has held that Rule 59(e) may also be used to "correct manifest errors of . . . fact upon which the judgment is based." Md. Elec. Indust. Health Fund v. Kodiak Util. Const., Inc., JFM-02-3662, 2004 WL 112722, at *1 (D.Md. Jan. 20, 2004) (quoting Small v. Hunt, 98 F.3d 789, 797 (1996)) (internal quotations omitted). The party seeking post-judgment relief under Rule 59(e) must file the appropriate motion within 28 days of the final judgment, specifically identifying the basis for reconsideration. Bolden v. McCabe, Weisberg & Conway, LLC, No. DKC 13-1265, 2014 WL 994066, at *1 n.1 (D.Md. Mar. 13, 2014). The court may properly deny the motion if a movant fails to establish one of the criteria. See, e.g., Jarvis v. Enter. Fleet Servs. & Leasing Co., No. DKC-07-3385, 2010 WL 1929845, at *2 (D.Md. May 11, 2010), aff'd, 408 F.App'x 668 (4th Cir. 2011) (denying motion to reconsider because the plaintiff failed to identify valid circumstances that would cause the district court to alter or amend its prior opinion). Furthermore, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08CV501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)). A Rule 59(e) amendment is "an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v.

6

Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations and citation omitted).

### 2. Analysis

Here, Mills alleges that he is entitled to relief under Rule 59(e) because the Court's dismissal of his Fourth Amendment claim was based on "clear error of law." However, Mills resurrects a factual argument that he made while opposing Defendants' Motion to Dismiss: that Hassan did not have probable cause to arrest him for the ignition interlock offense, because Hassan only learned of the restriction after arresting and transporting Mills to the state police barracks. According to Mills, "when Hassan was taking out the evidence bag to return Mills property, he removed Mills ID from the wallet and inspected it, and saw what he believed to be an interlock restriction, then proceeded to add on the charge." (Pl.'s Rule 59(e)(3) Mot. at 4, ECF No. 31 (quoting Pl.'s Mem. Opp. Defs.' Mot. Dismiss at 25–26, ECF No. 24)).

Mills urges this Court to adopt his version of events regarding how and when Hassan learned of the ignition interlock restriction. Defendants argue that it does not matter when Hassan learned that Mills had an ignition interlock restriction on his license because an arresting officer's state of mind is irrelevant when determining if probable cause existed. Defendants rely upon Devenpeck v. Alford, 543 U.S. 146, 153 (2004), in which the United States Supreme Court invalidated "[t]he rule that the offense establishing probable cause must be 'closely related' to, and based on the same conduct as, the offense identified by the arresting officer at the time of arrest." The Court agrees with Defendants that, based

7

upon Devenpeck, Hassan's knowledge of the ignition interlock restriction is irrelevant, because he had probable cause to arrest Mills for DUI.

The Court rejects Mills' argument for three additional reasons. First, Mills' thirty-six-page Complaint never mentions the ignition interlock offense and, despite dedicating three lengthy paragraphs to what allegedly transpired at the State Police Barracks, Mills never alleged the version of events he now implores the Court to adopt. Mills made this allegation for the first time in his Opposition to the Motion to Dismiss. However, a plaintiff may not amend his complaint through responsive pleadings. Hurst v. District of Columbia, 681 F.App'x 186, 194 (4th Cir. 2017). Having failed to allege these facts in his Complaint or through an amended complaint, Mills cannot now claim that those facts entitle him to relief under Rule 59(e). See Potter v. Potter, 199 F.R.D. 550, 553 (D.Md. 2001) ("When parties file a motion with the court, they are obligated to insure that it is complete with respect to facts, law and advocacy . . . . Hindsight being perfect, any lawyer can construct a new argument to support a position previously rejected by the court, especially once the court has spelled out its reasoning in an order.").[7] Second, Mills cannot use his Rule 59(e) Motion to make an argument he failed to properly raise prior to the dismissal of his Complaint. Pac. Ins. Co., 148 F.3d at 403. Third, even if this Court concluded that Mills' arrest for the ignition interlock offense was not supported by probable cause—which it

---

[7] On October 26, 2018, Mills' attorney filed a Motion to Strike Attorney's Appearance, (ECF No. 18), which the Court granted on October 31, 2019, (ECF No. 19). Mills has represented himself since then. However, he was represented by counsel when the Complaint was filed.

does not—granting the Motion would not alter the futility of his § 1983 claim for false arrest. As the Court previously explained, Mills' conviction for negligent driving and failure to obey lane directions remain valid and "[i]f there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails." (Sept. 30, 2019 Mem. Op. at 13 (quoting Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995))).

Next, Mills argues that this Court erroneously relied upon Wilkerson v. Hester, 114 F.Supp.2d 446, 456 (W.D.N.C. 2000), in concluding that, for Fourth Amendment purposes, an arrest for multiple offenses constitutes a single transaction, such that probable cause for one offense constitutes probable cause for all offenses. Mills argues that the Court must analyze every charge separately to determine if each was supported by probable cause; in support thereof, he cites Janetka v. Dabe, 892 F.2d 187 (2d Cir. 1989), and Johnson v. Knorr, 477 F.3d 75 (3d Cir. 2007). Defendants contend that Mills made this same argument in his Opposition and that he is attempting to relitigate the issue. Defendants note that neither Janetka nor Johnson are binding on this Court and question their applicability to this case. The Court agrees with Defendants.

It is well established that a Rule 59(e) Motion cannot be used to relitigate issues previously briefed and decided. Medlock v. Rumsfeld, 336 F.Supp.2d 452, 470 (D.Md. 2002), aff'd, 86 F.App'x 665 (4th Cir. 2004) ("To the extent that Plaintiff is simply trying to reargue the case, he is not permitted to do so. Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized."). Nor can it be used to advance new legal arguments or theories that were previously available.

9

Pac. Ins. Co., 148 F.3d at 403. Here, Mills attempts to do both. Mills repeats the same probable cause argument previously rejected by this Court, and he now cites Janetka and Johnson to support that argument when he could have done so before his Complaint was dismissed. While the Motion could be denied on this basis alone, the Court reaches the substance of Mills' argument and concludes that neither Janetka nor Johnson compel individualized determinations of probable cause. As Defendants note, decisions issued by the Second and Third Circuit are not binding on this Court. Moreover, the Fourth Circuit has endorsed opinions issued by the Third and Ninth Circuits, which have held that a Fourth Amendment claim will fail where an officer has "probable cause for at least one charge for an arrest on multiple charges." Gantt v. Whitaker, 57 F.App'x 141, 149 n.7 (4th Cir. 2003) (per curiam) (first citing Barry v. Fowler, 902 F.2d 770, 773 n.5 (9th Cir. 1990), and then citing Edwards v. City of Phila., 860 F.2d 568, 575–76 (3d Cir. 1988)). At bottom, Mills is not entitled to Rule 59(e) relief regarding the dismissal of his Fourth Amendment claims. The Court now considers Mills' Fourteenth Amendment claims.

Mills argues that dismissal of his Fourteenth Amendment claim was based on a factual error. He asserts that the Court incorrectly assumed that his Fourteenth Amendment claim was based on the jail sentence he received for the ignition interlock offense when it should have been based on the two hours he spent in custody following his conviction for DUI in Howard County Circuit Court. Defendants argue that Mills' malicious prosecution claim fails because he was convicted of all charges and, on appeal, three of those convictions were affirmed, including the ignition interlock offense. They also note that Mills never mentioned the ignition interlock offense in his Complaint. Defendants'

arguments are not responsive to Mills' contention that he suffered a deprivation of liberty following his DUI conviction. Nonetheless, the Court concludes that Mills is not entitled to relief under Rule 59(e). In his Complaint, Mills wholly failed to advance the factual and legal arguments he now asserts in support of his Fourteenth Amendment claim. Mills cannot amend his factually deficient Complaint by way of a Rule 59(e) motion. Potter, 199 F.R.D. at 553. His responsive pleadings and Motion for Partial Summary Judgment are also conspicuously silent on the issue he now raises. As the Court previously stated, Mills is not entitled to reconsideration based on his failure to allege specific facts and legal theories prior to the dismissal of his case. Ford v. United States, No. CIV. RDB 12-2848, 2014 WL 1388261, at *2 (D.Md. Apr. 7, 2014), appeal dismissed, 582 F.App'x 183 (4th Cir. 2014); see also Jarvis, 2010 WL 1929845, at *2 (denying a Rule 59(e) motion where the plaintiff implored the court to "correct manifest errors of law or fact" but presented additional arguments that essentially sought "to have the court change its mind"). Accordingly, Mills' Rule 59(e) Motion is denied.

B. **Rule 60(b)(6) Motion**

  1. **Standard of Review**

A motion to alter or amend filed more than twenty-eight days of the judgment is governed by Rule 60(b). See Fed.R.Civ.P. 59(e). As a threshold matter, the party seeking relief under Rule 60(b) must establish "timeliness, a meritorious claim or defense, and a lack of unfair prejudice to the opposing party." Mizrach v. United States, WDQ-11-1153, 2015 WL 7012658, at *4 (Nov. 12, 2015) (citing Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011)). Only after the movant has made that preliminary showing will the court

consider the basis for the motion, which must allege one of the following: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) fraud . . . misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reasons that justifies relief." Fed.R.Civ.P. 60(b).

**2. Analysis**

Mills' Rule 60(b) Motion asserts the same deprivation of liberty argument he made in his Rule 59(e) Motion. The Court rejects the argument here, for the same reasons it did so in the Rule 59(e) Motion. The Court concludes that the Motion is not meritorious and, as such, is not entitled to further review under Rule 60(b)(6). Accordingly, Mills' Rule 60(b)(6) Motion is denied.

**III. CONCLUSION**

For the foregoing reasons, the Court will deny the Plaintiff's Rule 60(b)(6) Motion (ECF No. 30) and Rule 59(e)(3) Motion (ECF No. 31). A separate Order follows. Entered this 23rd day of December, 2019.

/s/
George L. Russell, III
United States District Judge